UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Russel Francois,                     )
                Plaintiff     )
                              )
                              )    Case No. 03-1419
                              )
Jack Ruch Quality Homes, Inc.; Jack Ruch, )
and Schnack Chiropractic Center, S.C.,    )
                Defendants  )

## ORDER

Now before the Court are the following motions:  #116 Motion to Intervene by Harleyville Lake States Insurance Company; #112 Motion in Limine by defendant Schnack Chiropractic; #118 Motion to Clarify by Plaintiff Russel Francois; and #120 Motion in Limine by defendants Jack Ruch Quality Homes Inc. ("JRQH") and Jack Ruch.  Argument on these motions was heard at the final pretrial conference held on September 25, 2006.

### MOTION TO INTERVENE

Harleyville Lake States Insurance Company insures Jack Ruch and JRQH.  An Illinois court has ruled in a declaratory judgment action that Harleyville owes Ruch and JRQH a defense and possibly indemnification.  The insurer seeks to intervene in this action to protect its interests that are not adequately represented by the existing parties

Fed.R.Civ.P. 24 allows a party to seek status as a party in order to protect an interest that is not otherwise "adequately represented by existing parties.  As an insurer of a party who is already involved in this case and represented by counsel, the motion to intervene provides no basis for concluding that the insured, represented by counsel is inadequate to represent the insurer's interest.  No authority is cited for the proposition that

an insurance company is a proper *party* in litigation involving a dispute between an insured and a third party. Harleyville could have entered an appearance for Ruch and JRQH if it believed that its interests as an insurer were not being protected, but the motion does not ask for that relief.

Moreover, as Plaintiff points out, the motion is untimely. This litigation has been proceeding for over three years. The State Court's ruling in the declaratory judgment action was issued on June 9; obviously that litigation had been filed much earlier than that. The motion offers no explanation for Harleyville's failure to act until the eve of trial. Timeliness is an appropriate consideration in determining whether a party should be allowed to intervene. See, N.A.A.C.P. v. New York, 413 U.S. 345, 367 (1973); Reid v. Illinois State Board of Education, 289 F.3d 1009 1017 (7th Cir. 2002).

For both of these reasons, the motion to intervene is denied.

### #112 **MOTION IN LIMINE**
### #118 **MOTION TO CLARIFY SUMMARY JUDGMENT ORDER**

As is further discussed below, these two motions are related and are therefore considered together. There are four parts to the motion in limine. Plaintiff agrees with parts 1 and 4, as follows: (1) no evidence/comment/argument re: liability insurance of Schnack (unless the door is opened at trial); and (4) no statement/remark/inference re: attorney fees or statutory damages as to the copyright claim in Count I. To that extent the Motion in Limine is granted.

Parts (2) and (3) are related. They are also related to the Motion to Clarify. In part (2), the defendant asks that Plaintiff be barred from presenting evidence of Schnack's earnings, income or profits; and in part (3), defendant asks that Plaintiff be barred from

suggesting that the jury consider Schnack's profits in computing damages. Both arguments arise from interpretation of language in the summary judgment order.

The Copyright Act allows for recovery of any profits of the infringer that are "attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. 504(b). In the motion for summary judgment, Schnack argued that Plaintiff could prove no recoverable damages. As one element of that argument, Schnack presented some testimonial evidence that Schnack's practice had been downsized so there was no increase in profits. Plaintiff responded with evidence related to the damages issue, but not specifically directed to the issue of Schnack's profits or lack thereof. Plaintiff countered several of the other reasons, showing that it could indeed produce proof of recoverable damages. The fact that Plaintiff did not directly address this particular element of damages did not remove the issue from the case. The footnote was incorrect and it should be and is hereby deleted from the Order. The language in the footnote cannot be used as a basis for barring Plaintiff from putting on evidence of these damages.

There remains, however, the underlying issue of what evidence of damages will be allowed or required at trial. During discovery, Plaintiff sought information about Schnack's revenues. Defendant objected and produced nothing. Plaintiff did not pursue the issue with a motion to compel, nor did he take any further action to bring this question to the court's attention until his response to the motion to compel. Defendant argues that it has been misled to its prejudice by Plaintiff's failure to timely raise this issue.

The issue of damages is one that will only arise if Plaintiff produces sufficient evidence to go to the jury on his claims. Moreover, until Plaintiff's evidence has been

offered, there is no way to know what if anything Defendant must put into evidence to counter Plaintiff's case. Ruling at this time would be premature, so the motion is denied.

#### #120 **MOTION IN LIMINE**

Ruch and JRQH ask that Plaintiff be barred from offering evidence on five issues. Plaintiff does not oppose the motion as to three of those issues: insurance, settlement discussions, and statutory damages and attorney's fees in the Copyright Act claim (Count I). To that extent, the motion is allowed.

Plaintiff narrowly disputes the remaining two issues. With respect to the claim for attorneys fees in Count V (tortuous interference with the contract) Plaintiff asserts that he may be entitled to some of his fees. He agrees, however, to submit that question to the Court rather than the jury. Accordingly, with that limitation, the motion in limine is granted; no evidence about the attorney fees incurred by Plaintiff may be offered into evidence before the jury.

Finally, the motion asks the court to prohibit the Plaintiff from arguing that he is entitled to multiple recovery of contract damages. Plaintiff does not contradict the general proposition that he is entitled to only one recovery. He sought clarification that he would, however, be allowed to argue damages as to each of his counts. Within the scope of this clarification (which was conceded by the movant and approved by the court), the motion in limine as to this issue is allowed.

#### CONCLUSION

The Motion to Intervene (#116) is denied. The Motion in Limine by Defendant Schnack Chiropractic (#112) is granted in part and denied in part. The Motion to Clarify

by Russel Francois (#118) is granted, and the Order of August 14 is modified as stated herein.  The Motion in Limine (#120) by Defendants Jack Ruch Quality Homes Inc. and Jack Ruch is granted as stated herein.

    ENTER this 26th day of September 26, 2006.

                              s/ John A. Gorman

                              JOHN A. GORMAN
                            UNITED STATES MAGISTRATE JUDGE