**E-FILED**
Friday, 15 December, 2006  11:14:04 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Russell Francois, d/b/a Francois | ) | |
| Associates Architects, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 03-1419 |
| | ) | |
| Jack Ruch, Jack Ruch Quality Homes Inc., | ) | |
| and Schnack Chiropractic Center, S.C., | ) | |
| Defendants | ) | |

## ORDER

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me.  This case was tried to a jury verdict.  Now before the court are the parties' fully briefed post-trial motions (#138, 139, and 140) and the defendants' objections to the plaintiff's bill of costs (#149 and 150).

## BACKGROUND

Custom Designs Services, Inc. was dismissed as a party defendant on July 13, 2004, pursuant to settlement with plaintiff and payment of $1007.20.  Subsequently, the Counts III and IV were dismissed.  The remaining counts of Francois against Schnack and the Ruch defendants, and the counterclaims of the defendants against Francois, were tried to a jury on October 2-10, 2006.

On three counts, the jury found in favor of Francois and awarded damages, as follows: breach of contract against Schnack Chiropractic Center Inc. ("Schnack"), $20,531; copyright infringement against Jack Ruch individually and Jack Ruch Quality Homes Inc. ("the Ruch defendants"), $25,531; and copyright infringement against Schnack, $20,531.

All other counts were unsuccessful, including the counterclaims against Francois. Francois, Schnack, and the Ruch defendants have now filed post-trial motions.

Francois has filed a motion (#138) for a new trial against Schnack on the amount of damages awarded on the federal copyright claim - specifically as to Francois' right to recover some or all of Schnack's post-infringement profits - and against the Ruch defendants on the tortious interference with contract claim. In addition, Francois seeks an amendment to the judgment granting him injunctive relief and prejudgment interest on the two copyright infringement verdicts.

The Ruch defendants have filed a motion (#139) for judgment as a matter of law on the verdicts for copyright infringement, or in the alternative for set-off pursuant to Fed.R.Civ.P. 59(e) or 60(b)(5).

Schnack has filed a motion (#140) for judgment as a matter of law on the copyright verdict, arguing that plaintiff failed to prove damages attributable to infringement and further failed to show a causal connection between the infringing conduct and the damages. As to the breach of contract claim, Schnack argues that plaintiff failed to prove definite and certain terms of a contract and asks the court to amend the judgment (or remit the damages) with respect to the damages that were awarded. Finally, Schnack asks the court to set off the amount of judgment by the amount of a settling party's payment.

Following entry of judgment, plaintiff filed a Bill of Costs in the amount of $5711.00. Defendants jointly object to the amount of the Bill of Costs, arguing that it is not properly supported with documentation and that it includes non-taxable items.

### FRANCOIS' MOTION

Francois  seeks a new trial on two issues.  The first is a question that the Court removed from the jury:  whether the amount of damages recoverable from Schnack for copyright infringement should include profits attributable to the infringing conduct. According to Francois, the ruling excluding evidence of such profits and declining to submit that question to the jury was based on an error of law.  The second issue as to which a new trial is sought is the tortious interference claim against the Ruch defendants.  Francois asserts that the jury's verdict against him on that claim is inconsistent with the verdict in his favor on the copyright infringement claim against the Ruch defendants.

Motions for new trials are broadly governed by Fed.R.Civ.P. 59(a).  In deciding such post-trial motions, the Court must consider "if the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." Winger v. Winger, 82 F.3d 140 (7th Cir. 1996), quoting McNabola v. Chicago Transit Authority, 10 F.3d 501, 516 (7th Cir. 1993).  See also, Allison v. Ticor Title Ins. Co., 979 F.2d 1187, 1196  (7th cir. 1992); Cygnar v. City of Chicago, 865 F.2d 827, 835 (7th Cir. 1989).

In addition, any error of law, if prejudicial, is grounds for a new trial.  Fed.R.Civ.P. 61 provides that errors in any ruling or order or in anything done or omitted is not grounds for a new trial unless "refusal to take such action appears to the court inconsistent with substantial justice."  See, Colegrove v. Cameron Mach. Co., 172 F.Supp. 2d 611, 632 (W.D. Pa. 2001);  Wilhelm v. Blue Bell, Inc., 773 F.2d 1429, 1433 (4th Cir. 1985).

3

Because the first issue on which Francois seeks a "new" trial is an issue removed from the jury by the Court's ruling, standards stated in cases  considering jury verdicts that are against the weight of the evidence do not govern here.  Although not explicitly stated, I read plaintiff's motion as arguing that it was legal error for the Court to have removed that issue from the jury.  It is therefore plaintiff's burden to show that substantial justice requires a trial on the issue of damages stemming from Schnack's profits.

In ruling on Schnack's motion for summary judgment (and in clarifying the pertinent part of the ruling in a later order), this Court considered whether the question of Schnack's profits was one that should go to a jury.  Those rulings stemmed from the provision of the Copyright Act that permits recovery of the infringer's profits "attributable to the infringement" not otherwise taken into account in computing actual damages.  17 U.S.C. § 504(b).

During discovery in this case, plaintiff served interrogatories and document requests as to Schnack's financial picture.  Defendant objected and produced nothing.  Plaintiff did not pursue court resolution of the objection or take any other step to preserve the issue. The question first arose when Schnack sought summary judgment on the infringement count because plaintiff had no evidence of damages.  In denying that motion, the court commented first that plaintiff's conduct during discovery had in essence sandbagged the defendant into believing that plaintiff was not pursuing recovery for Schnack's profits.  But because it was unknown at that time what evidence plaintiff might proffer about Schnack's profits, the Court declined to bar plaintiff at that time, instead, inviting an offer of proof as to Schnack's profits at trial.

Schnack then filed a motion in limine shortly before trial, asking that plaintiff be barred from producing such evidence before the jury.  The court denied the motion as

4

premature, again inviting an offer of proof.  After that offer of proof was made at trial[1], this Court found the evidence insufficient to allow its presentation to the jury or to submit to the jury Schnack's profits as an element of damages in the instructions.

Plaintiff strenuously argues that all he had to do was show that the infringer made a profit, which he did.  He then posits that the court should have placed the burden on the infringer to show what portion of those profits were NOT attributable to the infringement.  At the very least, plaintiff argues that the question of profits attributable to Schnack's infringement is one that should have gone to the jury.

Once liability for copyright infringement has been shown, § 504(b) of the Copyright Act creates an initial presumption that the infringer's "profits ... attributable to the infringement" are equal to its gross revenue. See,  Bonner v. Dawson, 404 F.3d 290, 294 (4th cir.2005).  Once the copyright owner establishes the gross revenue, the burden shifts to the infringer to show that its revenue was "attributable to factors other than the copyrighted work." Id., quoting Section 504(b).

In meeting the initial burden of showing the infringer's "gross profits", however, a copyright holder must show more than the infringer's total gross revenue from all of its profit streams.  As all courts to have considered the matter have concluded, the relevant profits must be reasonably related to the infringement.  See, e.g., Bonner, 404 F.3d at 294; Mackie v. Rieser, 296 F.3d 909, 915 (9th Cir.,2002);  Univ. of Colo. Found. v. Am. Cyanamid Co., 196 F.3d 1366, 1375 (Fed.Cir.1999); Bus. Trends Analysts, Inc. v.

---

[1] Plaintiff's evidence showed that the year before Schnack moved to the new building, her profits were about $200,000.  The year she moved and the following year, her profits remained at that level.  Thereafter, her profits declined.

Freedonia Group, Inc., 887 F.2d 399, 404 (2d Cir.1989).  Cf. Taylor v. Meirick, 712 F.2d 1112, 1122 (7th Cir.1983) (noting that "[i]f General Motors were to steal your copyright and put it in a sales brochure, you could not just put a copy of General Motors' corporate income tax return in the record and rest your case for an award of infringer's profits.");  4-M. Nimmer, Nimmer on Copyright, § 14.03[A], at 14-29 (2001) ("When an infringer's profits are only remotely and speculatively attributable to the infringement, courts will deny recovery to the copyright owner.")[cited in Mackie, 296 F.3d at 915].

In considering the evidence proffered at trial by plaintiff, I found there was no hint of a causal connection between the gross profits made by Schnack in her chiropractic practice (which was the ONLY evidence presented by plaintiff) and the re-location of that practice to the new building.  Plaintiff had failed to seek evidence - and therefore was unable to proffer evidence  -  showing any link between Schnack's profits and her use of Francois' copyright.  To associate those two on the scintilla of evidence plaintiff presented in the offer of proof would be to speculate.  Plaintiff failed to meet his initial burden, so the burden never shifted to the defendant.

Because of the lack of a causal link, I excluded all evidence of Schnack's profits and refused to allow the jury to consider the question of Schnack's profits as an element of damages in the copyright claim.  I have found nothing in the arguments made by plaintiff in the instant motion that changes that conclusion.  To the extent that the motion asks for a new trial on damages, the motion is denied.

The second issue on which plaintiff seeks a new trial is the count of tortious interference with contract against the Ruch defendants.  According to plaintiff, the jury's

6

verdict that the Ruch defendants did not interfere with the Francois/Schnack contract is against the overwhelming weight of the evidence produced at trial.

I disagree. Several witnesses - Jack Ruch and Monica Schnack - testified as to their interpretation of the October 16 letter written by Jack Ruch to Monica Schnack. It was up to the jury to decide whether to believe these witnesses. The jury obviously believed the witnesses and rejected the plaintiff's alternate explanation of that letter as argued in closing argument. Contrary to plaintiff's argument in this motion, the letter has more than one reasonable interpretation. It was definitely not against the weight of evidence nor was it somehow inherently unreasonable for the jury to reject the interpretation offered by Francois.

If the verdict resulted in a miscarriage of justice or if the verdict "cries out to be overturned" or shocks our conscience, then the court should overturn the jury's verdict and order a new trial. Latino v. Kaizer, 58 F.3d 310, 315 (7th Cir. 1995). Neither is the case here. The verdict on this Count was well within reason given the evidence offered at trial. The motion for new trial on the tortious interference count is accordingly denied.

Next plaintiff asks that the judgment be amended to incorporate plaintiff's request for injunctive relief. In the Order ruling on summary judgment, the following statement was made:

> [I]njunctive relief seems largely irrelevant here. Neither the complaint nor plaintiff's response to defendant's motion articulates what injunctive relief could properly be awarded in this case, where the building is already complete and any infringement is in the past. Injunctive relief seems unlikely to contribute anything toward making the plaintiff whole. There has been no argument by defendant on this specific point; in the absence of full argument I am not ruling out the legal possibility of injunctive relief, just commenting on its unlikely applicability to these facts.

Order, August 14, 2006 (Doc. #110), page 20 n.9.

Plaintiff now, for the first time, argues that this court should enjoin Schnack from selling the building without Francois' consent,[2] because such a sale would constitute a second infringement. I find that such an injunction is not justifiable under the law as applied to the facts of this case.

The Copyright Act authorizes injunctive relief to the extent the Court "may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). As is true with any other injunctive relief, a plaintiff seeking such relief must make a showing of a substantial likelihood of future infringements. See, e.g. Taylor Corp. v. Four Seasons Greetings, LLC, 403 F.3d 958 (8th Cir. 2005); Silverstein v. Penguin Putnam Inc., 368 F.3d 77, 84 (2nd Cir. 2004).

By its verdict in the copyright claim, Francois has already been compensated for Schnack's past infringement. Francois has failed to produce a single bit of evidence that Schnack intends to use Francois' plans again to build another building. Her hypothetical future sale of the single building that constituted the infringement is not another infringement. In all the cases cited by plaintiff, not one addresses the situation created by the facts in this case and none contain reasoning that can be reasonably extended to apply to real estate. At best, plaintiff could have sought an injunction against Ruch's future use of the plans in new construction, but that relief was not sought and is not ordered.

---

[2]Plaintiff also argues that this Court would have the authority to order destruction of the building, though he does not seek that relief, and further would have the authority to enjoin Schnack's further use of the building. Without addressing the questionable legal merit for either argument, I find that such relief would be clearly unreasonable under the facts of this case and decline to consider either remedy further.

The motion for injunctive relief is denied, because plaintiff has failed to meet his burden of showing any likelihood whatsoever of future infringements by Schnack, let alone a substantial likelihood.

Last, plaintiff seeks an amendment to the judgment, adding pre-judgment interest to the copyright verdicts.  In <u>McRoberts Software, Inc. v. Media 100, Inc.</u>, 329 F.3d 557 (7th Cir. 2003), the court considered a request for prejudgment interest in a copyright case. After first noting that "prejudgment interest is presumptively available to victims of federal law violations,"  <u>id.</u> at 572 [citation omitted], the Court noted its history of awarding  such relief in order to make the plaintiff whole and in order to discourage delay in making payment.  <u>Id.</u>  The presumption, therefore, applies only where the violation of federal law was 'willful."  <u>Id.</u> at 572-73.  In <u>McRoberts</u>, the jury had expressly found the copyright violation to be willful.

Plaintiff did seek an award of punitive damages based on willful misconduct for the tortious interference claim.  No such finding was sought as to the copyright claim.  In plaintiff's proposed Verdict Form B (the verdict form for the copyright claim against Schnack), for example, there is no place for such a finding, and the jury verdict forms actually given to the jury do not address the issue of willfulness at all.  Accordingly, in my discretion, I find that a claim for prejudgment interest was not timely raised by the plaintiff and cannot therefore be ordered now.  The motion to amend the judgment for such purpose is denied.

As stated above, plaintiff's motion is denied in its entirety.

### SCHNACK'S MOTION #140

9

At the close of plaintiff's case, Schnack moved for judgment as a matter of law (Doc. #127).  The motion was granted in part and denied in part.  It was granted as follows:  from the prayers for relief in the copyright claim, injunctive relief and Schnack's profits were removed as elements of damages.

In Schnack's post-trial motion[3], Schnack renews its motion for judgment as to the aspects that were denied:  that Schnack is entitled to judgment on the copyright infringement claim (Count I); and that Schnack is entitled to judgment on the contract claim (Count II).  In the alternative, Schnack moves for alteration or amendment of the judgment amount because the same damages were awarded in both the copyright and contract claims.  Finally, Schnack moves for the judgment to be set off by the settlement amount paid by a former party to this case.

The first argument with respect to the copyright claim is that the only damages plaintiff proved were contractual, and that Schnack is therefore entitled to judgment on the copyright claim.[4]  It is obvious from the verdict that the jury found that two separate <u>injuries</u> occurred, a breach of the contract and an infringement of the copyright.  From these separate injuries, damages proximately resulted.  The fact that the same damages resulted from two separate injuries does not mean that no damages were proven; it simply means

---

[3]Schnack also asks to be forgiven the formal requirements of a separate brief in support of its motion, because all legal argument and authority is contained in the motion.  To that extent, no accompanying memorandum is required by this court.

[4]The jury arrived at the amount of damages on the breach of contract claim by calculating the total amount Francois would have been due had the contract been fully performed (7% of the total project cost) and then subtracting what Francois had already been paid, for a very precise total of $20,531.  That is the identical amount of damages assessed for the copyright infringement claim.

that plaintiff can only recover those damages once.  There is nothing in any of the law cited by the defendant that supports the proposition that each separate theory or injury must result in separate damages;  the only requirement is proximate causation, an issue as to which the jury was properly instructed.

The breach of contract resulted in Francois' being deprived of his contract price;  the copyright infringement resulted in the use of his copyright without payment for the purchase thereof.  Contrary to plaintiff's assertion, however, two separate injuries does not mean that he is entitled to two separate awards of damages, because only one type of damage was proved.  Given the precise and duplicative amount of damages awarded, the jury certainly found that the damages overlapped.

That conclusion does not invalidate the jury's verdict or entitle defendant to judgment on the copyright case;  to that extent defendant's motion is denied.  What it means is that the amount of damages is only recoverable once.  That amount - $20,531 - is therefore recoverable once, jointly and severally[5] against Schnack and the Ruch defendants.  To the extent that defendant's motion asks the court for that relief, it is granted.

Next defendant asserts that there was no evidence to support the finding that Schnack contributorily or vicariously infringed the copyright.  The arguments presented in support of this proposition ask the court to disagree with the conclusion the jury drew from the evidence.  Because there was evidence to support the verdict, I decline to do so.  Testimony about the relationship between Schnack and the Ruch defendants as to the

---

[5]The $5000 difference in the verdict is addressed below, as that amount is accounted for by the Ruch defendants' profits.  Schnack is not jointly and severally liable for that amount.

11

planning and constructing of the building at issue was sufficient for the jury to find the requisite knowledge, control and financial interest.  To that extent the motion is denied.

Defendant next asks that the verdict on the contract claim be vacated and judgment entered in its favor because plaintiff failed to prove the terms of a contract.  The jury heard all the evidence that defendant re-argues in this motion and came to the opposite conclusion.  Given that evidence and the thorough instructions about contracts that were given (and that are not objected to here), the jury was entitled to reach the conclusion it did.  The motion is denied as to Count II.

With respect to the issue of setoff by the amount of settlement ($1007.20) with another party prior to trial, the motion is also denied.  This amount was paid by the Ruch defendants to Custom Design for modification of Francois' plans.  The amount was deducted by Francois in accounting for Ruch's profits.  It has nothing to do with Schnack's damages.  To that extent the motion is denied.

Schnack's motion is allowed to the extent that the damage awards for Count I overlap those of Count II.  Francois is entitled to only one recovery of those overlapping damages.

### RUCH DEFENDANTS' MOTION

The Ruch defendants ask for two alternative forms of relief in their motion:  that they be granted judgment as a matter of law on the copyright infringement claim, because plaintiff failed to establish a causal connection between  between his actual damages and the infringement; or in the alternative, that the copyright infringement damages be set off by the amount of the contract damages.  These arguments are identical to those raised by Schnack and the rulings are identical.  The motion is denied except to the extent that the

damages are overlapping;  plaintiff is entitled to one recovery of $20,531 against the defendants jointly and severally.

In addition, the Ruch defendants ask for the copyright damages to be reduced by the amount Ruch paid to have Francois' plans modified.  The verdict against the Ruch defendants includes $5000 over and above the $20,531.  Given the evidence and the jury instructions on damages,  $5000 is  the amount the jury found to be profits gained by the Ruch defendants as a result of the copyright infringement.   The jury reached its decision based on all the evidence, including the modification amounts paid by Ruch.  No further set-off is required.  To that extent the motion is also denied.

### BILL OF COSTS

Taxation of costs by a prevailing party is governed by 28 U.S.C. § 1920, which provides that the court may tax as costs the following pertinent expense:  clerk and marshal fees, court reporter fees "for all or any part of the stenographic transcript necessarily obtained for use in the case;"  fees and disbursements for printing, for witnesses, and for exemplification and copies of papers necessarily obtained for use In the case.

Plaintiff's Bill of Costs totals $6,711.00.  Defendants  challenge the affidavits of counsel about copy charges ($1687 in-house charges and $1453 outside charges), on the basis that there is no statement of number of copies made, what documents were being copied, and the purpose of the copies.  Given the specificity that is present in the affidavits of plaintiff's counsel, I find the objection to be without merit.  The affidavit shows the per-page cost (which is based on local copy-shop prices), as well as the type of documents copied and the use to which they were put.  That is sufficiently detailed to warrant taxation.

13

Francois also submitted $2708 for deposition costs. Plaintiff submitted supplemental documentation of his deposition costs, including copies of the bills and the payment checks. The court reporter's bill does not separate out the delivery fee or attendance fee, so taxing the entire cost is not improper. The transcripts ordered were those of depositions of parties and of witnesses who ultimately testified at trial, so they were reasonably necessary to the case.

Defendants' objections to the Bill of Costs are rejected. The Bill of Costs stands as filed.

## CONCLUSION

For the reasons stated herein, Francois' motion (#138) is denied in its entirety. Both Schnack's motion [#140] and Ruch's motion [#139] are granted in part and denied in part as stated herein. The Objections to the Bill of Costs are rejected.

ENTER this 15th day of December 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE

14